Filed 6/22/21  P. v. Garza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RICHARD ANTHONY GARZA,<br><br>　　　Defendant and Appellant. | F080195<br><br>(Super. Ct. No. CF92464473)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Lisa Smittcamp, Fresno County District Attorney, and Kelsey C. Peterson, Deputy District Attorney, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Hill, P.J., Levy, J. and Meehan, J.

Defendant Richard Anthony Garza was convicted of second degree murder and sentenced to 15 years to life in state prison.[1] He filed a petition for resentencing, pursuant to Penal Code section 1170.95,[2] based upon the changes to the felony-murder rule and the natural and probable consequences doctrine of aider and abettor liability effectuated by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). The trial court dismissed his petition, concluding that Senate Bill 1437 was unconstitutional. On appeal, defendant contends the trial court's decision was error. The People disagree. We agree with defendant. Accordingly, we reverse the order and remand this matter for further proceedings pursuant to section 1170.95.

## PROCEDURAL SUMMARY

On July 8, 1992, the Fresno County District Attorney filed an information charging defendant and two codefendants with the murder of Eric Delgado (§ 187; count 1). Defendant was also charged with three counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 2, 3 & 4). The information further alleged: as to count 1, defendant personally used a deadly weapon (former § 12022, subd. (b)), and as to all counts, defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

On December 8, 1992, defendant pled guilty to the lesser offense of second degree murder on count 1. Defendant also admitted the personal use of a deadly weapon allegation. Counts 3 and 4 and the gang allegations were dismissed on the People's motion.

---

[1] Defendant was also convicted of robbery in a separate case. He was sentenced to a determinate term of two years on the robbery on the same date that the sentence was imposed in this case.

[2] All further statutory references are to the Penal Code.

2.

On January 12, 1993, the trial court sentenced defendant to 15 years to life on count 1, plus a one-year weapon enhancement (§ 12022, subd. (b)).[3]

On January 15, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On March 8, 2019, the People filed a motion to dismiss defendant's petition, arguing that section 1170.95 and other portions of Senate Bill 1437 are unconstitutional. The People also opposed defendant's petition on its merits. The trial court appointed counsel for defendant, who filed responses to the People's motion to dismiss and opposition on the merits.

On October 16, 2019, the trial court granted the People's motion and dismissed defendant's petition. The trial court expressly declined to address the merits of the petition.

On October 28, 2019, defendant filed a notice of appeal.

## DISCUSSION[4]

### Statutory Background

Effective January 1, 2019, Senate Bill 1437 limited accomplice liability under the felony-murder rule[5] and the natural and probable consequences doctrine.[6] (§§ 188, 189,

---

[3]     The trial court also sentenced defendant to a concurrent term of imprisonment on the same day in an unrelated offense.

[4]     Because defendant raises only legal issues and the trial court did not consider the merits of his petition, the facts underlying the offenses are not relevant and are omitted from this opinion.

[5]     Prior to Senate Bill 1437's enactment, " '[t]he felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the perpetration of a felony inherently dangerous to human life.' " (*People v. Friend* (2009) 47 Cal.4th 1, 76.) Prior to Senate Bill 1437's enactment, specifically with respect to felony murder with robbery as the underlying felony, section 189, subdivision (a) stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, … robbery … is murder of the first degree."

[6]     Prior to Senate Bill 1437's enactment, " ' "[a] person who knowingly aid[ed] and abet[ted] criminal conduct [was] guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commit[ted] [nontarget offense] that

3.

as amended by Stats. 2018, ch. 1015, §§ 2–3; *People v. Cruz* (2020) 46 Cal.App.5th 740, 755; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246.)  The Legislature's purpose was " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life.'  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless indifference to human life.' " (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410.)

"Senate Bill 1437 also [added section 1170.95, which] established a procedure permitting certain qualifying persons who were previously convicted of felony murder or murder under the natural and probable consequences doctrine to petition the courts that sentenced them to vacate their murder convictions and obtain resentencing on any remaining counts." (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 246; § 1170.95, added by Stats. 2018, ch. 1015, § 4.)  Under that procedure, a convicted person is eligible for relief if the following conditions are met:  "(1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The [defendant] was convicted of first degree or second degree murder following a

[was] a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)  " ' "[B]ecause the nontarget offense [was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person could have foreseen the commission of the nontarget crime." ' " (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248 (*Lamoureux*).)

4.

trial or accepted a plea offer in lieu of a trial at which the [defendant] could be convicted for first degree or second degree murder.  [¶]  (3) The [defendant] could not be convicted of first or second degree murder because of [the] changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(1)–(3).)

**Analysis**

The People argue that Senate Bill 1437 is unconstitutional because it improperly amended Proposition 7 (the Briggs Initiative) and Proposition 115 (the Crime Victims Justice Reform Act).  They further argue that retroactive application of the substantive provisions of Senate Bill 1437, by adding section 1170.95, violated the separation of powers doctrine and improperly amended Proposition 9 (the Victims' Bill of Rights Act of 2008 (Marsy's Law)).

Our Supreme Court has not addressed the constitutionality of Senate Bill 1437.  However, this court considered and rejected the People's arguments on similar briefing.  (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [collecting cases].)[7, 8]  We agree with

---

[7]    In *Nash*, one justice dissented from the majority's conclusion with regard to Proposition 7, but otherwise concurred.  (*People v. Nash, supra,* 52 Cal.App.5th at p. 1084 (conc. & dis. opn. of Poochigian, A.P.J.).)

[8]    Courts of appeal have consistently rejected arguments nearly identical to those the People present here.  (*People v. Marquez* (2020) 56 Cal.App.5th 40, 44, 46–51 [Prop. 9, separation of powers]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555, 559–565 [Props. 7, 9, 115]; *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902 [Props. 7, 115]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Props. 7, 115; separation of powers]; *People v. Johns* (2020) 50 Cal.App.5th 46, 54–55 [Props. 7, 9, 115; separation of powers]; *People v. Prado* (2020) 49 Cal.App.5th 480, 492 [Props. 7, 115]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91–92 [Prop. 7], review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306 [Props. 7, 115]; *People v. Solis* (2020) 46 Cal.App.5th 762, 784 [same]; *People v. Cruz, supra,* 46 Cal.App.5th at p. 747 [same]; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275, 289 [same]; *Lamoureux, supra,* 42 Cal.App.5th at p. 246 [Props. 7, 9, 115; separation of powers].)

the analysis of *Nash* and come to the same conclusion. The trial court erred in concluding Senate Bill 1437 is unconstitutional.

We express no opinion on the merits of defendant's petition.

## **DISPOSITION**

The trial court's order dismissing defendant's section 1170.95 petition is reversed and the matter is remanded to the trial court for disposition on the merits.